# EDWARD D. HAFFEY,
*Appellant,*

*v.*

# KEENEY,
*Respondent.*

(86-C-10392; CA A40725)

735 P2d 16

George E. Price, Salem, argued the cause and filed the brief for appellant.

David Kramer, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner applied to the trial court for a writ of habeas corpus, alleging that he is entitled to have his sentence reduced by the amount of "good time" that he had earned while he was working in various prison programs. He appeals from the denial of the petition. We affirm.

Petitioner was convicted of robbery in the first degree, ORS 164.415, and received a ten-year sentence. Because he had used a gun in the commission of the crime, he received a five-year minimum sentence pursuant to ORS 161.610, subsection (3) of which provides:

> "[I]f a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. Except as provided in subsection (5) of this section, in no case shall any person punishable under this section become eligible for work release, parole, temporary leave or terminal leave until the minimum term of imprisonment is served, *less a period of time equivalent to any reduction of imprisonment granted for good time served,* nor shall the execution of the sentence imposed upon such person be suspended by the court." (Emphasis supplied.)

A prisoner's eligibility for good time sentence reductions is set out in ORS 421.120(1):

> "(1)   Each inmate confined in execution of the judgment of sentence upon any conviction in the penal or correctional institution, for any term other than life, and whose record of conduct shows that the inmate faithfully has observed the rules of the institution, shall be entitled to a deduction from the term of sentence to be computed as follows:

> "(a)   From the term of a sentence of not less than six months nor more than one year, one day shall be deducted for every six days of each sentence actually *served* in the penal or correctional institution.

> "(b)   From the term of a sentence of more than one year, one day shall be deducted for every two days of such sentence actually *served* in the penal or correctional institution.

> "(c)   From the term of any sentence, one day shall be deducted for every 15 days of *work actually performed* in prison industry, or in meritorious work in connection with

prison maintenance and operation, or of enrollment in an educational activity as certified by the educational director of the institution during the first year of prison employment or educational activity, and one day shall be deducted for every seven days of such *work actually performed* or educational activity certified after the first year to and including the fifth year of prison employment or educational activity certified, and one day for every six days of such *work actually performed* or educational activity certified after the fifth year of prison employment.

"(d)   From the term of any sentence, one day shall be deducted for every 10 days of *work actually performed* in agriculture during the first year of prison employment, and one day for every six days of such *work actually performed* thereafter.

"(e)   From the term of any sentence one day shall be deducted for every six days' *work performed* at work camp during first year of prison employment, and one day for every four days thereafter. Once the four-day rate is achieved it may be applied to subsequent work or education release programs while the inmate is serving the same term.

"(f)   The deductions allowed in paragraphs (c), (d) and (e) of this subsection shall be in addition to those allowed in paragraphs (a) and (b) of this subsection.

"(g)   In this subsection, 'prison employment' includes actual work in prison industry, meritorious work in connection with prison maintenance and operation, actual work in agriculture and actual work at work camp.

"(h)   The Corrections Division shall develop pursuant to the rulemaking provisions of ORS 183.310 to 183.550 a uniform procedure for granting, retracting and restoring deductions allowed in paragraph (a) to (g) of this subsection." (Emphasis supplied.)

Pursuant to subsection (h), the Corrections Division has defined deductions from sentence pursuant to ORS 421.120(1)(a) and (b) to be "statutory good time." OAR 291-100-008(12). Deductions made pursuant to ORS 421.120(1)(c) through (g) are "extra good time." OAR 291-100-008(4). The Division credits "statutory good time" against a minimum sentence imposed pursuant to ORS 161.610 for the use of a gun, but not "extra good time." Petitioner argues that there is no valid distinction between the two types of deductions from a sentence.

The Supreme Court commented on that distinction in *Smith v. Board of Parole,* 297 Or 184, 187 n 1, 683 P2d 998 (1984):

"ORS 421.120 refers only to 'reduction of term of sentence' and does not use the 'good time' nomenclature found in ORS 161.610 and the administrative rules of the Corrections Division and the Board of Parole. *As commonly used, good time refers only to the reduction for good behavior pursuant to ORS 421.120(1)(a) and (1)(b) and not to reductions in the term of a sentence for work or meritorious service, ORS 421.120(1)(c) through (g).* The Corrections Division distinguishes the two reduction schemes by defining good time pursuant to ORS 421.120(1)(a) and (b) as 'statutory good time' and reduction for work or meritorious service pursuant to ORS 421.120(1)(c) through (g) as 'extra good time.' "

Although *Smith* is not controlling, it recognizes the distinction between "statutory good time" and "extra good time" that the Division has made. ORS 161.610(3) allows for reduction of a sentence "for good time *served.*" ORS 421.120(1)(a) and (b) allows deduction from a sentence based on the number of days *served* and, therefore, comes within ORS 161.610(3). The remaining subsections of ORS 421.120(1), however, provide that time is to be deducted from a sentence on the basis of the number of days that the inmate works at a particular job or is enrolled in an educational activity. As the court noted in *Smith,* "good time served" does not refer to the latter deduction. Accordingly, "extra good time" does not constitute "good time served" as used in ORS 161.610(3).

Affirmed.